50



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

> Opinion No. O-5211
> Re: The inheritance tax to be paid
> on the proceeds of insurance
> when the decedent took out the
> policy after marriage and paid
> premiums with community funds,
> when the beneficiary is not the
> wife but a third party.

We are in receipt of your letter of April 9, reading as follows:

"On March 10, 1943, the Supreme Court rendered an opinion in re: Hansen case, in which they held that only one-half of the proceeds of insurance made payable to a decedent's surviving spouse was subject to an inheritance tax when the insurance was issued after marriage and the premiums were paid with community funds.

"We now wish to be advised how to apply the rule as announced in the above mentioned case to a situation similar in all respects except the beneficiary is a third party."

The Supreme Court in the case of Blackman et al. v. Hansen, Tex. S. Ct. R., Vol. 11, page 352, in an opinion by Justice Sharp, has definitely settled the application of Article 7117, V. R. C. S., as amended in 1939, as it applies where the policy of insurance is taken out by the decedent upon his life in favor of the wife, and the premium is paid out of community funds. The court held, under this provision of the statute, that only one-half of the proceeds of such policy passed as part of the decedent's estate for inheritance tax purposes,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. H. Sheppard, page 2

subject, of course, to the exemption of $40,000., as provided in the statute. Your question is: Does the statute have the same application under identical facts, except that the beneficiary is not the wife, but a third person.

We proceed to answer your inquiry upon the assumption that there is no question of insurable interest involved. In Blackman et al. v. Hanson, supra, the court was not called upon to pass directly upon the question propounded by you, but a careful reading of this case and the reason advanced by the court for the conclusion reached leads us to the inevitable conclusion that the rule would be the same if applied to the same facts, although the beneficiary was a third person and not the wife of the decedent. For the sake of clarity we quote that portion of Article 7117, amended in 1939, here under consideration, which is as follows:

". . . including property passing under a general power of appointment exercised by the decedent by will, including the proceeds of life insurance to the extent of the amount receivable by the executor or administrator as insurance under policies taken out by the decedent upon his own life, and to the extent of the excess over Forty Thousand Dollars ($40,000) of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life." (Emphasis ours)

Justice Sharp, in the case of Blackman et al. v. Hanson, supra, stated as follows:

"It is readily seen that the wording of the Federal statute and the amendment of the State statute is practically identical. Before the 1939 amendment of Article 7117, supra, the Federal statute had been construed by the United States Supreme Court in Lang v. Commissioner of Internal Revenue, 304 U. S. 264, 82 L. Ed. 1331. In that case the Supreme Court of the United States had before it a case involving the same facts as here involved. The property rights of the parties were governed by the laws of the State of Washington, where the community property law was, and is, in force. The court held in that case that only one-half of the proceeds of a policy issued after the marriage on the deceased's life, the wife being the sole beneficiary, and all premiums having been paid from community funds, will be computed for taxes as a part

Hon. Geo. H. Sheppard, page 3

of the husband's gross estate. That was the construction of the Federal statute at the time of its adoption by the Legislature of this State. The controlling terms of the Federal statute are identical with the Texas statute. The Texas statute having been literally taken from the Federal statute, the presumption is that the Texas Legislature knew of the construction given such statute at the time of its adoption, and intended to adopt such statute as construed by the Federal courts; and such statute is to be considered by the courts of this State in the light of such construction. Board of Water Engineers v. McKnight, 111 Tex. 82, 229 S. W. 301; City of Tyler v. St. L. & S. W. Ry. Co., 99 Tex. 491, 91 S. W. A; Brothers v. Mundell, Munzesheimer & Co., 60 Tex. 240; 39 Tex. Jur., p. 264, #140. The opinion of the Supreme Court of the United States in the Lang case has been followed in the following cases: DeLappe v. Commissioner, 113 Fed. (2d) 48 (C. C. A. 5th); Estate of Shearn Moody, decd. v. Commissioner, BTA, Docket No. 97484."

The conflict and confusion as to the construction and application of the Federal statute was definitely settled in the case of Lang v. Commissioner of Internal Revenue, 304 U. S. 264, 82 L. Ed. 1331. This case arose in the State of Washington, a community property state, but the conclusion of the court does not depend upon that question. The decedent was a husband and father, who had, during the marriage, taken out policies, in some of which his wife was the named beneficiary, and in some of which his children were the named beneficiaries. The Supreme Court of the United States held that the policies were to be included in the decedent's estate, subject to estate tax only to the extent of one-half thereof, which was paid for out of the decedent's part of the community funds. With reference to the policies payable to the wife, the court relied in part upon provisions of the pertinent treasury regulation designed to interpret and to clarify the revenue act. But as to the policies payable to the children, (third parties) the court said there was no pertinent treasury regulation, and it based its decision solely upon the wording of the federal act itself, and the court said, page 843 of the opinion:

Hon. Geo. H. Sheppard, page 4

"Where children were named beneficiaries and premiums were paid from community funds the situation is not within the precise words of the Regulations; but the rather obvious reason underlying the definition of what constitutes a policy 'taken out by the assured' should be respected. In the absence of a clear declaration it cannot be assumed that Congress intended insurance bought and paid for with the funds of another than the insured and not payable to the latter's estate, should be reckoned as part of such estate for purposes of taxation. See Igleheart v. Com'r., 5 Cir., 77 Fed. 2d 704, 711." (Emphasis ours)

It is thus declared by the Supreme Court of the United States that "taken out by the decedent" means the expenditure of decedent's funds; that in community property states, where premiums are paid with community funds, only half of the insurance proceeds in such a case are to be included for estate tax purposes. Or to express it in another way, the court held that notwithstanding the whole premium may have been paid with community funds, that portion of the premium so paid belonging to the wife's half of the community did not operate as insurance "taken out by the decedent", and thus should be excluded.

In the case of De Lappe v. Commissioner, 113 F. (2d) 48, arising from the community property state of Louisiana, the court said, page 51:

"In computing estate taxes on the proceeds of life insurance the question to be decided is whether the decedent paid all or only part of the premiums. It is unimportant whether the beneficiary receives the proceeds as separate property or as community property. In either case, if the premiums have been paid out of community funds, the wife has paid one half of the cost of the insurance and the decedent has paid the other half."

We think the same conclusion was expressed in the case of Estate of Shearn Moody, Deceased, et al. v. Commissioner, from our State, passed upon by the Board of Tax Appeals. In brief, the Board of Tax Appeals declared that the proportion of the proceeds paid for by premiums, whether from separate or community funds, should be the measure of the amount of insurance to be included in the estate of decedent for estate tax purposes.

Hon. Geo. H. Sheppard, page 5

We are, therefore, compelled by the above decisions to hold that only one-half of the proceeds of insurance upon the life of the deceased passed for inheritance tax purposes, although the beneficiary was a third party and not the wife or the deceased, notwithstanding the premium for the insurance was paid with community funds of the husband and wife, and you are accordingly so advised.

Yours very truly

APPROVED GENERAL OF TEXAS

By

APPROVED MAY 15, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

LPL:AMM



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN